UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD ) | |
| ) | |
| 1669 Benedict Canyon Drive ) | Judge _____ |
| Beverly Hills, California 90210, ) | Civil Action No. _____ |
| ) | |
| PLAINTIFF ) | |
| vs. ) | |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| Washington, DC 20505 ) | |
| ) | |
| ) | |
| DEFENDANT ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

**<u>COMPLAINT</u>**

<u>THE PARTIES</u>

1.      Plaintiff Jason Leopold is a citizen of California residing at 1669 Benedict Canyon Drive, Beverly Hills, CA 90210.

2.      Mr. Leopold is an investigative reporter covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. His reporting has been published in the The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and numerous other domestic and international publications. Currently, he is a contributor to Al Jazeera America and is the editor-at-large for The Public Record.

3.      Mr. Leopold seeks access to certain public records to write a news report for distribution to the general public.  His connections and relationships with a wide range of

domestic and international media organizations will ensure that any story he drafts based on the information contained in these records will be published and reprinted

4.    Defendant Central Intelligence Agency (CIA) is an agency of the United States.

5.    The CIA has possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

6.    This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7.    This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

8.    Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

9.    The CIA's Rendition, Detention and Interrogation program (RDI) involved kidnapping suspected terrorists and transporting them to secret CIA black site prisons around the world and subjecting them to controversial interrogation techniques that human rights groups said rose to the level of torture.

10.    The Senate Select Committee on Intelligence prepared a lengthy report reviewing the RDI, and that report is the subject of another FOIA lawsuit filed by Plaintiff in this Court, *Leopold v. Department of Justice*, 1:13-cv-1324 (JEB).

11.    On December 17, 2013, during a confirmation hearing for Caroline Krass before the Senate Select Committee on Intelligence, Sen. Mark Udall revealed the "existence of an

internal study done by the C.I.A. under [Director, Central Intelligence John] Brennan's predecessor, Leon Panetta, that contradicted the agency's response to the Senate study. Mr. Udall said he believed it was 'consistent with the Intelligence's Committee's report.' Mr. Udall said: 'This raises fundamental questions about why a review the C.I.A. conducted internally years ago — and never provided to the committee — is so different from the C.I.A.'s formal response to the committee study.'" Editorial Board, "Release the Torture Reports," *The New York Times* (Dec. 19, 2013), *available at* http://www.nytimes.com/2013/12/20/opinion/release-the-torture-reports.html?_r=0.

12.     According to *The Hill*, Udall has threatened to put a hold on Krass's nomination to block it until the CIA's secret study is provided to the Senate Intelligence Committee:

"Udall said the agency's internal study confirms the findings of the Senate Intelligence panel's 6,000-page report criticizing the George W. Bush administration-era interrogation techniques, despite the CIA's statements claiming the congressional report had factual problems."

"'It appears that this review, which was initiated by former Director [Leon] Panetta, is consistent with the Intelligence Committee's report, but, amazingly, it conflicts with the official CIA response to the committee's report,' Udall said."

"'And if this is true, it raises fundamental questions about why a review the CIA conducted internally years ago and never provided to the committee is so different from the CIA's formal written response to the committee's study.'"

R. Shabad and J. Herb, "Udall demands secret CIA torture report," *The Hill* (Dec. 18, 2013),

*available at* http://thehill.com/blogs/ballot-box/193483-sen-mark-udall-demands-cia-study-on-

torture.


### PLAINTIFF'S FOIA REQUEST


13.     On December 26, 2013, Plaintiff sent a FOIA request to the CIA via First Class

Certified Mail (70121640000021582250) requesting copies of "records constituting, discussing,

or mentioning the Central Intelligence Agency's (CIA) internal study of its detention and

interrogation program (the same internal study that the Senate Intelligence Committee asked to

be provided to it, as described in the attached article)."  Plaintiff included with his FOIA request

a copy of an article from the New York Times describing the report.

14.     Plaintiff's FOIA request to the CIA, including the attached New York Times

article, is reproduced as Exhibit 1, with Plaintiff's signature replaced with "/s/ Jason Leopold".

Exhibit 1 is incorporated by reference as if set forth fully herein. In his request to the CIA,

Plaintiff requested expedited processing and a fee waiver.

15.     According to the records of the U.S. Postal Service, Plaintiff's FOIA request was

received by the CIA on January 3, 2014.

16.     As of the filing of this Complaint, Plaintiff has not received any communication

from the CIA acknowledging receipt, assigning a tracking number, or ruling on his requests for

expedited processing and a fee waiver.

**DEFENDANT'S FAILURE TO DETERMINE WHETHER PLAINTIFF IS ENTITLED
TO EXPEDITED PROCESSING ON HIS REQUESTS**

17.     The CIA's response to Plaintiff's request for expedited processing was due ten calendar days after the CIA received it on January 3, 2014, which would have been January 13, 2014.

18.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request to the CIA with a determination as to whether the CIA will grant expedited processing.

COUNT I:
VIOLATION OF FOIA

19.     This Count realleges and incorporates by reference all of the preceding paragraphs.

20.     Plaintiff is entitled to expedited processing on his request to the CIA.

21.     Defendant has violated FOIA by failing to grant Plaintiff's request for expedited processing within the time limit prescribed by the statute.

22.     Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to grant Plaintiff's request for expedited processing on his FOIA request.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Declare that Plaintiff is entitled to expedited processing of his FOIA request;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiff such other and further relief which the Court deems proper.

5

Respectfully Submitted,

___/s/ Jeffrey Light_____
    Jeffrey L. Light
    D.C. Bar #485360
    1712 Eye St., NW
    Suite 915
    Washington, DC 20006
    (202)277-6213
    Jeffrey.Light@yahoo.com

    *Counsel for Plaintiff*