**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASON LEOPOLD,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>Defendant. | ) | Civil Action No. 1:14-cv-00048 (JEB) |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR A PRESERVATION ORDER**

## INTRODUCTION

This lawsuit concerns a claim under the Freedom of Information Act ("FOIA") for documents that plaintiff, Jason Leopold, refers to as the Central Intelligence Agency's ("CIA") "internal review," or the "Panetta Review": that is, "the Central Intelligence Agency's (CIA) internal study of its detention and interrogation program (the same internal study that the Senate Intelligence Committee asked to be provided to it. . .)." Pl.'s FOIA Request at 1 (Letter from Jason Leopold to Information and Privacy Coordinator, CIA (Dec. 26, 2013) (attached as Ex. 1 to Plaintiff's Complaint).[1] The CIA has already located and collected the records responsive to plaintiff's request, and they are being preserved specifically in connection with this litigation, and for other reasons as well. Despite this, however, and the CIA's agreement that it would identify and process those responsive records by May 22, 2014, an agreement that was memorialized in a filing with this Court, *see* Joint Proposed Briefing Schedule (Mar. 12, 2014)

[1] Although the CIA disagrees with plaintiff's characterization of the nature and purpose of these records, the Agency has a clear understanding of which internal records he is seeking.

(Docket # 11), plaintiff now moves for a preservation order, seeking that the Court direct the CIA to preserve the documents that constitute the so-called "Panetta Review." Because the CIA is abiding by its legal obligations in connection with this litigation and in accordance with the CIA's record retention schedules, and the documents at issue are being preserved, plaintiff cannot show that the documents constituting the "Panetta Review" will be destroyed or that he will suffer irreparable harm without a preservation order. Further, because the CIA has already committed to preserving the documents at issue, plaintiff's motion is wholly unnecessary.

## ARGUMENT

### I. STANDARD OF REVIEW.

Except for stating that "[a] movant need not meet the four-part preliminary injunction test to warrant entry of a preservation order," Pl.'s Mem. at 3, plaintiff does not discuss the standard under which a preservation order should be entered. Some courts have analyzed the question under the requirements for issuance of an injunction – (1) irreparable injury, (2) substantial likelihood of success on the merits with respect to the requested relief, (3) lack of injury to other interested parties, and (4) furtherance of the public interest. *See Madden v. Wyeth*, No. 3-03-CV-0167-R, 2003 WL 21443404, *1 (N.D. Tex. Apr. 16, 2003); *Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc.*, Civ. No. 3-94-784, 1995 WL 783610, *3-4 (D. Minn. Oct. 20, 1995). Other courts have relaxed the standard so that plaintiffs do not have to demonstrate likelihood of success on the merits of the litigation, as such consideration is not appropriate for evidence preservation. *See, e.g.*, *Haraburda v. Arcelor Mittal USA, Inc.*, 2011 WL 2600756, *2 (N.D.Ind. Jun. 28, 2011) ("A motion to preserve evidence is an injunctive remedy and should [be] issue[d] only upon an adequate showing that equitable relief is warranted. In rendering this determination, the court considers: 1) whether Plaintiffs can demonstrate that Defendants will destroy necessary

documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order.") (internal citations omitted); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370–71 (S.D.N.Y.2006); *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433–34 (W.D.Penn.2004). One court has espoused a two-factor test: an order must be necessary and not unduly burdensome or overbroad, *Pueblo of Laguna v. U.S.*, 60 Fed. Cl. 133, 138 (Fed.Cl.2004), but that test has been criticized as lacking "adequate precision" and "sufficient depth of analysis." *See Capricorn Power*, 220 F.R.D. at 434 n. 2. The Court need not decide which standard applies, however, because under any of these standards plaintiff's motion fails. In light of the CIA's representations that it is already preserving the responsive records, plaintiff cannot show that the CIA will destroy the documents at issue without a preservation order, that he will suffer irreparable injury if the order is not entered, or that a preservation order is in any way necessary.

## II. THE CIA HAS AGREED TO PRESERVE AND PROCESS THE RECORDS AT ISSUE IN THIS CASE, AND A PRESERVATION ORDER IS UNNECESSARY.

As plaintiff recognizes in his motion, "the CIA intends to preserve the records at issue in connection with this litigation." Plaintiff's Motion for a Preservation Order ("Pl.'s Mot.") at 5. In fact, the CIA has already collected and preserved the records at issue, and has committed to processing them for release of any non-exempt information by May 22, 2014. Joint Proposed Briefing Schedule at 2. Thus, requiring the defendant to preserve the records at issue here would provide plaintiff with no further relief than that which the CIA has already provided. This, in itself, warrants denial of plaintiff's motion as moot. *El-Banna v. Bush*, 2005 WL 1903561, * 3 (D.D.C. Jul. 18, 2005) (denying as moot petitioners' motion for preservation order where respondents were already under duty to preserve records and another preservation order would

be unnecessary); *accord Cueto v. Director, Bureau of Immigration and Customs Enforcement*, 584 F. Supp. 2d 147, 150 (D.D.C. 2008) ("By providing all the relief [plaintiff] sought in his complaint, the defendants have rendered this case moot, which deprives this case of subject matter jurisdiction."); *Kadri v. Bureau of Prisons*, 2006 WL 581249, *2 (D.D.C. Mar. 9, 2006) (case was moot where precise relief plaintiff requested had been provided and court could provide no further relief).

In addition, plaintiff has failed to make any showing either that the CIA will destroy the responsive records or, relatedly, that he will suffer irreparable harm in the absence of a preservation order. Plaintiff has offered nothing but speculation to support his contention that destruction of these documents will occur absent a preservation order, citing only to reports that the so-called "Panetta Review" documents had "disappeared from the committee's computer system," and to the CIA's 2005 destruction of interrogation videotapes as support for his motion. Pl.'s Mot. at 4. But such reports are irrelevant to whether the CIA will comply with its already-existing preservation obligations in this case. With respect to the so-called "Panetta Review" documents, plaintiff has not cited any allegation that the CIA has actually destroyed these documents (to the contrary, and as discussed herein, those documents have been preserved in this case). In addition, the destruction of interrogation videotapes in 2005 is irrelevant to whether the CIA will preserve the responsive records in this litigation, where the CIA has already searched for, collected, and preserved the responsive records and has committed to a schedule for processing them. The conditions under which the interrogation videotapes were destroyed have no bearing on this case. *See ACLU v. Dep't of Defense*, 827 F. Supp. 2d 217, 220-21 (S.D.N.Y. 2011) (discussing CIA claim that interrogation videotapes were exempt from search and processing under "operational files exemption," 50 U.S.C. § 3141, which is not at issue in this

case). Under circumstances similar to those here, when petitioners in a habeas case sought review of the government's compliance with a preservation order in light of the CIA's destruction of the interrogation videotapes, the court declined to inquire further into whether the CIA had abided by its preservation requirements. *Abdah v. Bush*, 2008 WL 114872, *1 (D.D.C. Jan. 9, 2008) ("Other than the revelation itself that the CIA has destroyed videotapes documenting 'harsh interrogation[s]' of person in the custody of the CIA, petitioners offer nothing to support their assertion that a judicial inquiry regarding this Court's 2005 [preservation] Order is warranted."). Likewise, here, there is no reason for the Court to believe that the CIA will not abide by its legal obligations to preserve the responsive records, and plaintiff cannot show either that the documents will be destroyed or that he will suffer irreparable harm absent entry of a preservation order.

Moreover, plaintiff's motion is wholly unnecessary. "[T]he mere 'potential of destruction' is not sufficient to demonstrate the need for [a preservation] order." *Landmark Legal Fdn. v. Environmental Protection Agency*, 910 F. Supp. 2d 270, 279 (D.D.C. 2012). Indeed, once a party anticipates that it will be subject to litigation, it has a duty to preserve any evidence that may be relevant – a duty that the CIA has fulfilled in this case. *See Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1481 (D.C.Cir.1995) (noting that a party to litigation has "an obligation to preserve and also not to alter documents it knew or reasonably should have known were relevant . . . if it knew the destruction or alteration of those documents would prejudice [its opponent]"). "To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists." *Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001). Further, with respect to FOIA, "a possibility for destruction of records exists

with regard to any FOIA request, yet courts do not routinely issue orders compelling preservation." *Landmark Legal Fdn.*, 910 F. Supp. 2d at 279. In fact, granting plaintiff's motion here could encourage every FOIA plaintiff to move for an order preserving the records they seek. This would require courts to expend judicial resources deciding unnecessary motions. It would also subject agencies already responding to numerous, complex FOIA requests to the additional burden of responding to motions seeking redundant and unnecessary preservation orders. In FOIA cases, moreover, unlike discovery, the documents are the very relief sought. Their preservation is thus assumed in every case. Thus, where the CIA is already under an obligation to preserve the responsive records at issue in this case, and has, in fact, already done so, a preservation order is wholly unnecessary.

While plaintiff cites to preservation orders entered in *Abdah v. Bush* and *Al-Marri v. Bush*, Pl.'s Mem. at 4, 5, both of those cases involved habeas proceedings, to which the federal rules governing preservation do not automatically apply, and a preservation order was, therefore, a more logical step. *El-Banna v. Bush*, 2005 WL 1903561 at *1("the preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court."). However, to the extent the respondents were already under a duty to preserve records under the orders entered in *Abdah* and *Al-Marri*, the *El-Banna* Court held that an additional preservation order was unnecessary. *Id.* at *2 ("[S]ince the very preservation order sought by petitioners for all materials regarding treatment of all Guantanamo Bay detainees has already been issued against the same respondents in *Al-Marri v. Bush*,. . . and *Abdah v. Bush*, . . . respondents here are already under a duty to preserve those records and another preservation order would be unnecessary."). Likewise, here, where a

preservation order would be redundant of the CIA's obligations in FOIA, and under the Agency's document retention schedules, such an order is unnecessary.

Finally, the CIA, through counsel, has represented that it has collected and preserved the documents at issue in this lawsuit. Plaintiff has offered no reason for this Court to disregard those representations, and, in fact, there is none. *Abdah v. Bush*, 2008 WL 114872 at *2 ("There is no reason to disregard the Department of Justice's assurances. It is well established that, 'in the absence of clear evidence to the contrary, courts presume that [public officers] . . . properly discharge[] their official duties.") (quoting *United States v. Mezzanatto,*513 U.S. 196, 210 (1995) (alterations in *Abdah*). Accordingly, Plaintiff's Motion for Preservation Order is wholly unnecessary and should be denied on those grounds.

Dated: March 14, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN, Jr.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division

*/s/ Vesper Mei*
VESPER MEI (D.C. Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C. 20530
Telephone: (202) 514-4686
Fax: (202) 616-8470
E-mail: vesper.mei@usdoj.gov

*Counsel for the Defendant*